# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROMEO FERMIN MORALES HERNANDEZ, ) ) ) Petitioner, ) ) vs. ) ) JENY TERESA JAQUEZ GOMEZ, ) ) Respondent. ) | NO. CIV-07-0940-HE |

## ORDER

Petitioner Romeo Fermin Morales Hernandez filed a petition against respondent Jeny Teresa Jazuez Gomez, pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, ("Hague Convention"), and its implementing legislation, the International Child Abduction Remedies Act, 42 U.S.C. §§11601-11611 (2007) ("ICARA"). The petitioner sought the return of his two sons, to Mexico for a determination there of parental custody.[1] On August 23, 2007, the respondent, the boys' mother, was served with the petition and a hearing was held[2] at which the father was given temporary custody of the children pending the hearing on the petition, scheduled for August 27, 2007.

The hearing was held this date, at which both the petitioner and respondent appeared,

---

[1] *After an ex parte hearing, the court issued an order and warrant directing the United States Marshal to take physical custody of the children and serve the respondent with copies of the petition and the order. See Doc. #6.*

[2] *The mother appeared at the hearing, represented by counsel, who advised the court that there was no basis for concern that the children would be harmed if the father had custody of them pending the hearing scheduled for August 27, 2007.*

represented by counsel. The children also were present. At the conclusion of the hearing the court granted the petition and directed that the children be returned to Mexico, the country of their habitual residence, where the decision as to their custody will be made by the Mexican judicial system. The following, combined with the reasons stated by the court at the conclusion of the hearing, is the basis for its decision.

The Hague Convention "seeks to deter parents who are dissatisfied with current custodial arrangements from abducting their children and seeking a more favorable custodial ruling in another country," Navani v. Shahani, ___ F.3d ___, ___(10th Cir. 2007), by creating "an international legal mechanism requiring contracting states to promptly return children who have been wrongfully removed to, or wrongfully retained in, their jurisdiction, without deciding anew the issue of custody." Id. [3]  ICARA implements the Hague Convention in the United States, granting federal and state courts concurrent jurisdiction of actions arising under the treaty. 42 U.S.C. § 11603(a).

"A petitioner who seeks an order returning a child to his country of habitual residence must show by a preponderance of the evidence that: '(1) the child was habitually resident in a given state at the time of the removal or retention; (2) the removal or retention was in breach of petitioner's custody rights under the laws of that state; and (3) petitioner was

---

[3]*The Hague Convention provides that the removal or retention is to be considered wrongful where "(a) it is in breach of rights of custody attributed to a person, ... either jointly or alone,  under the law of the State in which the child was habitually resident immediately before the removal or retention; and (b) at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention." Hague Convention art. 3.*

exercising those rights at the time of removal or retention.'" Navani, ___ F.3d at ___ (quoting Shealy v. Shealy, 295 F.3d 1117, 1122 (10th Cir. 2002). Once that showing is made, the child must be returned to his habitual residence unless the respondent establishes that a defense to removal applies. de Silva v. Pitts, 481 F.3d 1279, 1285 (10th Cir. 2007).

The respondent may defend by showing, by a preponderance of the evidence, that the petitioner "was not actually exercising the custody rights at the time of removal or retention, or had consented to or subsequently acquiesced in the removal or retention," Hague Convention art. 13(a); 42 U.S.C. § 11603(e)(2)(B).[4] The other available defenses, which must be shown by clear and convincing evidence, are: (1) there is a grave risk that the child's return would expose him or her "to physical or psychological harm or otherwise place the child in an intolerable situation," Hague Convention art. 13(b); 42 U.S.C. § 11603(e)(2)(A), and (2) the child's return would not be allowed by "the fundamental principles of the requested State relating to the protection of human rights and fundamental freedoms." Hague Convention art. 20; 42 U.S.C. § 11603(e)(2)(A). The court, in its discretion, also may refuse to order the child returned if "the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of its views." de Silva v. Pitts, 481 F.3d 1279, 1285 (10th Cir. 2007) (quoting Hague Convention art. 13).

The petitioner demonstrated, and the respondent did not dispute, that the children were

---

[4] *If the petition is filed more than one year after the date of the wrongful removal or retention, then the respondent may assert as a defense that "the child is now settled in its new environment." Hague Convention art. 12. Here, however the proceedings were commenced within the one year period, so the defense in not available.*

habitually resident in Mexico at the time they were taken to Oklahoma and that the petitioner had custody rights under Mexican law.[5] Shealy, 295 F.3d at 1124 ("The Convention is very clear that the law of the country in which the child was habitually resident governs decisions as to whether custody rights existed at the time of removal."). While she did challenge whether the petitioner was exercising his custodial rights at the time of removal, the evidence was uncontroverted that the children spent weekends with their father and his parents, and sufficiently demonstrated his involvement in their care to satisfy ICARA. *See generally* Navani, ___ F.3d at ___ (noting the Sixth Circuit had concluded that a broad definition of what constitutes the "exercise" of custody rights is required "to prevent courts from reaching a result on the question of 'exercise' that varied with what a court in the child's country of habitual residence might find regarding custody.").[6] No other defense was asserted by the respondent and the evidence before the court did not demonstrate the existence of any "exception to the mandatory return remedy under the treaty and statute." *Id.* at ___.

Having concluded that the removal was wrongful under the Hague Convention, but having made no determination or findings pertinent to the merits of the custody dispute between the petitioner and respondent, the court granted the petition and directed that the

---

[5]*The evidence also established that a custody proceeding was ongoing in Mexico and that the respondent would have the opportunity to participate in it.*

[6]*The test articulated by the Sixth Circuit for when a custodial parent exercises custody rights under the Hague Convention was: "a custodial parent exercises custody rights unless the parent's actions 'constitute clear and unequivocal abandonment of the child.'"* Navani, ___ F.3d at ___ *(quoting* Friedrich v. Friedrich, *78 F.3d 1060, 1066 (6th Cir. 1996).*

children be returned to Mexico.

**IT IS SO ORDERED**.

Dated this 28th day of August, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE